# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNY CAMACHO, | : | |
| Plaintiff | : | Civil No. 3:12-CV-447 |
| v. | : | (Judge Mariani) |
| MICHAEL GOYNE - UNIT MANAGER, | : | (M.J. Carlson) |
| JEROME WALSH - SUPERINTENDENT, | : | |
| Defendants | : | |

## MEMORANDUM OPINION AND ORDER

**I.   Statement of Facts and of the Case**

This is a *pro se* civil rights action brought by Danny Camacho an inmate in the custody of the Pennsylvania Department of Corrections, currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI-Dallas). (Doc. 7, Am. Compl. ¶ 2.) In his complaint, Camacho contends that various prison transfer decisions made by the defendants were retaliatory. (Id.)

This case now comes before the court for resolution of a discovery dispute. Specifically, Camacho seeks a variety of records, including documents pertaining to these prison transfer decisions. (Doc. 37.) The defendants have notified Camacho that some of the records he seeks do not exist, but object to a wholesale release of prison transfer decision records on security grounds. Camacho has, therefore, moved to

compel this disclosure. (Doc. 37.) This motion to compel has been fully briefed by the parties and is now ripe for resolution. For the reasons set forth below, the motion will be denied, in part, and granted, in part.

**II.      Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead

2

to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224

F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203

F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Furthermore, in a prison setting, inmate requests for information relating to security procedures can raise security concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental needs to confidentiality of certain data but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and

5

(10) the importance of the information sought to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

Finally, one other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

With these legal guideposts in mind, we turn to consideration of Camacho's various discovery requests.

First, we will deny these requests to the extent that Camacho seeks records which the defendants have already represented do not exist. This response, denying the existence of certain requested materials, is sufficient, and Camacho's motion to compel further responses relating to things that do not exist will be denied. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

As for Camacho's request for prison transfer decision documents, we note that the defendants have objected to the request citing the substantial security concerns, and staff safety issues, which may arise in this setting if these records were to be released. We find this response persuasive, in part, and therefore will decline to authorize wholesale disclosure of these documents on the grounds that such disclosure may gravely impair institutional security. See e.g., Banks v. Beard, 3:CV-10-1480, 2013 WL 3773837 (M.D. Pa. July 17, 2013); Mearin v. Folino, CIV.A. 11-571, 2012 WL 4378184 (W.D. Pa. Sept. 24, 2012).

We further note that Camacho's showing of relevance in this case apparently rests on his somewhat speculative hope that these documents will, on their face, reveal some retaliatory motivation on the part of correctional staff. To the extent that this is what Camacho seeks, consistent with prior case law and acting out of an abundance of caution, we will direct a narrowly tailored *in camera* review of certain records. See, Victor v. Lawler, 3:08-CV-1374, 2011 WL 1884616 (M.D. Pa. May 18, 2011) reconsideration denied, 3:08-CV-1374, 2011 WL 3664741 (M.D. Pa. Aug. 19, 2011) and on reconsideration, 3:08-CV-1374, 2011 WL 4753527 (M.D. Pa. Oct. 7, 2011). Specifically, the defendants shall provide to the court, for its *in camera* inspection, the documents in their possession regarding the prison transfer decisions at issue in this litigation so the court may determine whether these records, on their face, contain

evidence relevant to Camacho's retaliation claim.

AND NOW, this 3d day of October, 2013, the plaintiff's motion to compel is DENIED, in part, and GRANTED, in part, as follows:

On or before <u>October 24, 2013</u>, we direct the defendants to provide to the Court for its *in camera* inspection the documents in their possession regarding the prison transfer decisions at issue in this litigation. Armed with this information the Court can determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and (3) to what extent, in what format, and under what conditions it may be released to the plaintiff.

In all respects, the motion to compel, (Doc. 37), is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge